(No. 2610—

Sam Schnell, Claimant, vs. State of Illinois, Respondent.

*Opinion filed December 11, 1935.*

Cotton & Nichols, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

The complaint filed in this cause alleges that prior to and on the 17th day of November, A. D. 1934 the respondent, through its Department of Public Works and Buildings, was engaged in repairing a portion of S. B. I. Route 121, between the Village of Camargo and the Village of Murdock in Douglas County; that in the progress of said work, half of the road, longitudinally, was broken up and replaced by fresh concrete, and the other half of the road was kept open for traffic; that barriers two and one-half feet in height were placed at each end of the portion of the road being repaired, but that no warning signs, lights on said barriers, or other notice of the existence of such barriers was given to the traveling public; that on the date aforementioned, about 6:30 P. M., and after dark, claimant was driving his automobile in an easterly direction on said road at a reasonable rate of speed; that he was not familiar with said road, and was in the exercise of all due care and caution; that he came upon said barriers without any notice or warning of the existence thereof; that in order to avoid collision with the same and with another car coming from the opposite direction, he swerved and ran into one end of such barriers, as a result of which, his automobile turned over several times and was totally wrecked, and claimant sustained serious and permanent injuries; for

128

all of which he claims damages in the sum of Three Thousand Dollars ($3,000.00).

The Attorney General has entered a motion to dismiss the case for the reason that in the exercise of its governmental functions, the respondent is not liable for the negligence of its servants and agents in the absence of a statute making it so liable.

The claimant agrees with the proposition of law advanced by the Attorney General, but contends that he is entitled to an award by virtue of the provisions of Paragraph four (4) of Section six (6) of the Court of Claims Act which provides that the Court of Claims shall have power "to hear and determine all claims * * * * which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay."

The same contention was made in the case of *Lois Bass* vs. *State*, No. 2679, decided at the present term of this court, and in the case of *Lester A. Royal* vs. *State,* No. 2597, decided at the September, 1935, term of this court. In both of such cases, as in numerous previous cases, we held adversely to the contention of the claimant.

For the reasons and under the authorities set forth in the aforementioned case of *Lester A. Royal* vs. *State,* the motion of the Attorney General must be sustained.

Motion allowed. Case dismissed.